124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James KOOP, Plaintiff-Appellant,
v.
Phil STANLEY; State of Washington; Jerry Tauscher; Bruce
Chunn, Defendants-Appellees.
 No. 97-35160.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided Sept. 29, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding; No. CV-96-05385-RJB.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Koop, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendants on Koop's First Amendment, due process, and free exercise of religion claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.
 
 
 3
 We conclude that Koop failed to establish a genuine issue of material fact as to whether defendants violated his First Amendment and due process rights. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 4
 The Supreme Court has declared the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb, unconstitutional, see City of Boerne v. Flores, 117 S.Ct. 2157 (1997), and free exercise of religion claims are now analyzed under the reasonableness test, see Freeman v. Arpaio, No. 96-15551, 1997 WL 556066, at * 2 (9th Cir. Sept. 9, 1997). We conclude that the district court did not err by granting summary judgment on Koop's claim that defendants violated his right to free exercise of religion. See Turner, 482 U.S. at 89; cf. Freeman, 1997 WL 556066, at * 2.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1:321 (1996), to this appeal